DeMOSS, Circuit Judge,
dissenting:
I would respectfully dissent. The government concedes that the district court committed a clear or obvious (Sixth Amendment Booker) error in sentencing based on facts not found by a jury or admitted by the defendant and did so under a mandatory guideline scheme (see page 2 of government’s supplemental letter brief). The dialogue at the sentencing hearing clearly indicates that the district judge thought the sentencing range as proposed by the presentence report (PSR) was “too high” and “inappropriate.” This sentencing judge did reduce the offense level at the government’s suggestion based on the defendant’s limited role in the offense, a factor not addressed in the PSR. But that reduction was unrelated to the “clear error” of relying on facts found only by the judge as to the quantity of money laundered. In my view, this is one of those cases where the only person who can correctly say what the sentencing judge would have done if he operated under an advisory guideline system is the sentencing judge himself; and justice would be better served by remanding this case to that judge to make that call.